CLEVELAND TRUST CO., Trustee etc., Appellee, v. MANCHESTER et al, Appellants, et al.

Ohio Appeals, Eighth District, Cuyahoga County.

No. 23231. Decided February 1, 1956.

Baker, Hostetler & Patterson, for appellee.

Van Aken, Whiting, Arnold & Nash, Amerman, McHenry, Jones & Morgan, for appellants Ida Austin Manchester, et al.

Jamison, Ulrich, Hope, Johnson & Burt, for appellant Fred O. Burkhalter, Guardian ad Litem for Robert Mack, a minor, etc., et al., etc.

Arter, Hadden, Wykoff & Van Duzer, for appellants Ida Stewart Austin, et al.

(Judges of the Ninth District sitting by designation in the Eighth District.)

**OPINION**

By DOYLE, J.

It appears that in the above-entitled cause several motions or pleadings have been filed since the original hearing. This memorandum shall be the authority for the inclusion of these findings in a journal entry or journal entries.

1. Application for a rehearing by Austin family defendants, in which it is requested:

(a) That the decision be modified to provide for a majority decision in arbitration instead of the requirement of a unanimous vote.

(b) That the decision be modified to permit accumulated dividends to follow the stock.

A rehearing will be denied. However, upon further consideration of the point under (a) above, the former ruling that all arbitrators must concur in their work of arbitrating will be modified to allow an arbitration to be made upon the concurrence of a majority thereof.

Under (b) above, the motion for modification will be overruled.

2. Application of Ida Austin Manchester, et al., for a rehearing, in which they claim that:

"1. The 'fair and reasonable' value of the trust shares furnishes a different standard or guide for price than does 'market value.'

514

"2. That settlors did not intend the use of one standard by the trustee, and another, entirely different, by the arbitrators.

"3. As indicated by the opinion, the settlors did not intend the use of 'market' value as a standard of price by the trustee."

In respect to this motion, a rehearing will be denied.

The phrases "fair and reasonable value" and "fair market value" are used in the finding of this court as synonymous, and have a definite legal meaning.

It is further ruled that the Manchester exhibits 1-D and 2-D will not be admitted in evidence.

3. Other motions than those noted above which appear of record in this case are overruled, and the various applications are denied.

Counsel will prepare a journal entry embodying the findings of this court.

STEVENS, PJ, HUNSICKER, J, concur.